UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONDA RENE COLE,<br><br>Petitioner,<br><br>v.<br><br>RIVERSIDE SUPERIOR COURT,<br><br>Respondent. | NO. EDCV 10-223-DDP (AGR)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before **March 19, 2010**, why the court should not recommend dismissal based on failure to exhaust state remedies.

**I.**

**SUMMARY OF PROCEEDINGS**

On February 12, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner appears to allege one ground for relief based on ineffective assistance of counsel relating to sentencing. (Petition at 3-8.)

On November 9, 2008, Petitioner was sentenced to nine years, four months in state prison after being convicted of grand theft of a car by false

pretenses, second degree burglary, possessing/passing a fictitious check, identity theft, possession of methamphetamine for sale, and possession of marijuana for sale. (Petition at 2); *People v. Cole*, 2010 Cal. App. Unpub. LEXIS 706, at *1 (2010).

On January 29, 2010, on direct appeal, the California Court of Appeal remanded as follows: "The matter is remanded for the trial court to state reasons for imposing consecutive terms on the check, identity theft and drug convictions (counts 3-6), and if no reasons exist, to impose concurrent sentences for them." *Id.* at *16. Further, "[t]he trial court is directed to stay the sentence for the burglary pursuant to section 654, and to note this in the minutes of the sentencing hearing on remand and in the amended abstract of judgment." *Id.* at *15-*16. In addition, the trial court was ordered to make corrections to the abstract of judgment. *Id.* at *16. Petitioner did not seek review in the California Supreme Court.[1] (Petition at 9.)

Petitioner concedes her case remains pending in state court. (*Id.* at 10.)

## II.

## **EXHAUSTION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

---

[1] The court has not located any petition filed by Petitioner before the California Supreme Court in its online docket.

2

28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Based on the petition and on the Court's review of the state court's online dockets, Petitioner has never presented any grounds for relief to the California Supreme Court. Moreover, it appears that the California Court of Appeal remanded the matter to the trial court for resentencing.

Thus, the Petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III.
## ORDER

IT IS THEREFORE ORDERED that, on or before **March 19, 2010**, Petitioner shall show cause why this Court should not dismiss the petition based on the failure to exhaust state remedies.

***If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the court dismiss the petition without prejudice based on failure to exhaust state remedies.***

DATED: February 16, 2010

_____
ALICIA G. ROSENBERG
United States Magistrate Judge